819 F.2d 602
 PACIFIC LINING CO., INC., Plaintiff-Appellee, Cross-Appellant,
v.
ALGERNON-BLAIR CONSTRUCTION COMPANY and United States
Fidelity & Guaranty Company,
Defendants-Appellants, Cross-Appellees.
AESCO STEEL, INC., Plaintiff-Appellee,
v.
J.A. JONES CONSTRUCTION COMPANY and Fidelity & Deposit
Company of Maryland, Defendants-Appellants.
 Nos. 85-3740, 86-3025.
 United States Court of Appeals,
Fifth Circuit.
 June 22, 1987.
 
 Donald A. Meyer, Shushan, Meyer, Jackson, McPherson & Herzog, New Orleans, La., for Algernon-Blair Const. Co. and U.S. Fidelity & Guar. Co.
 William S. Marshall, Jr., New Orleans, La., for Pacific Lining Co., Inc.
 William W. Messersmith, III, Terrence L. Brennan, Deutsch, Kerrigan & Stiles, New Orleans, La., for J.A. Jones Const. Co. and Fidelity & Deposit Co. of Maryland.
 H. Bruce Shreves, Simon, Peragine, Smith & Redfearn, New Orleans, La., for Aesco Steel, Inc.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before THORNBERRY, JOHNSON and WILLIAMS, Circuit Judges.
 JERRE S. WILLIAMS, Circuit Judge:
 
 
 1
 These consolidated cases involve claims by subcontractors against general contractors with the Louisiana World Exposition, the 1984 World's Fair in New Orleans. The Exposition became bankrupt and was not able to pay in full the general contractors. In turn, the general contractors, Algernon-Blair Construction Company and J.A. Jones Construction Company, refused to make final payments to their subcontractors, asserting that under Louisiana law the contract clauses involved were "pay when paid" clauses which constituted suspensive conditions to obligations arising under the contracts. The subcontractors brought suit against the contractors and their bonding companies for full payment of the subcontracts. We held that the bonding companies were not liable to the subcontractors in the absence of liability of the contractors. We then certified to the Louisiana Supreme Court the question whether the "pay when paid" contract clause provisions contained in the subcontracts created suspensive conditions to the obligations arising under the contracts.
 
 
 2
 The Louisiana Supreme Court denied our certification, 506 So.2d 505, but on the same day decided two other cases resolving the same issue. The Court cited its decision in those two cases as controlling these two cases we had sought to certify. We now decide the two cases before us in accordance with that controlling Louisiana precedent.
 
 
 3
 The Louisiana Supreme Court held that the "pay when paid" clauses constituted only provisions having to do with time of payment of the obligations. It specifically held that they do not constitute suspensive conditions. The general contractors and their sureties were held liable for the full payment of the contract amounts due the subcontractors. Southern States Masonry, Inc. v. J.A. Jones Construction Co. and Fidelity and Deposit Co. of Maryland (86-C-2443) and Dorman Strahan d/b/a Strahan Painting Co. v. Landis Construction Co. and United States Fidelity & Guaranty Co. (86-C-2544), 507 So.2d 198 (La.Sup.Ct.1987).
 
 
 4
 There is no more variation in the contract provisions in the two cases before us than was present in the two cases before the Louisiana Supreme Court. We can make no distinction between our cases and those decided by the Louisiana Supreme Court, and Louisiana law is now clearly established. Also, claims which had been made on motions for rehearing that the sureties would be liable even if the general contractors were not liable are now moot in the light of our holding, just as the same contentions made before the Louisiana Supreme Court were recognized as moot in those cases.
 
 
 5
 The district court in each of the two cases before us correctly anticipated the Louisiana decision and held that the general contractors and their sureties were liable to the subcontractors even without payment from the Louisiana World Exposition. We affirm, therefore, the holdings of the district courts in 85-3740 and 86-3025 that the "pay when paid" contract provisions in the contract between the contractors and the subcontractors did not constitute "suspensive conditions" saving the general contractors and their sureties from the obligation to pay because of the lack of payment to them by the Louisiana World Exposition. Instead, as the Louisiana Supreme Court stated, these provisions are simply time of payment provisions, and the general contractors and their sureties are obligated for the full amount to the subcontractors.
 
 
 6
 AFFIRMED.